# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOLAN LOPEZ,<br><br>                Petitioner,<br>      v.<br>DEBBIE ASUNCION,<br><br>                Respondent. | CASE NO. 5:16-CV-00065-DMG (SK)<br><br>**REPORT AND RECOMMENDATION TO DENY HABEAS PETITION** |

This Report and Recommendation is submitted to the Honorable Dolly M. Gee, U.S. District Judge, under 28 U.S.C. § 636 and General Order 05–07 of the U.S. District Court for the Central District of California.

## I.
## PROCEEDINGS

Petitioner is a California state prisoner serving a life sentence without possibility of parole, plus 10 years, after a jury convicted him of first-degree felony murder, carjacking, and robbery. The jury found Petitioner not guilty of first-degree premeditated murder and found gang allegations not true. On appeal, Petitioner challenged: (1) the denial of his motion to strike the gang allegations for insufficient evidence at the preliminary hearing; (2) the use of a verdict form that inaccurately listed felony murder as a lesser-included offense of first-degree premeditated murder; (3) the denial of his

motion to substitute defense counsel two days before trial; and (4) the denial of his request for self-representation made for the first time at sentencing 10 weeks after the jury verdict. (Lodged Document ("LD") 4). The California Court of Appeal rejected these claims in the last reasoned state court decision. (LD 7).

The Court of Appeal held: (1) the gang allegations were supported by sufficient probable cause based on the evidence presented at the preliminary hearing evidence and did not likely result in prejudice since the jury found the gang allegations not true; (2) the inaccuracy on the verdict form was a technical error only and not prejudicial since the jury instructions on felony murder were correct and the jury acquitted Petitioner of first-degree premediated murder; (3) the trial court was within its discretion to deny the last-minute motion to substitute counsel after it had addressed Petitioner's concerns at a full hearing and concluded that his complaints centered on miscommunications and disagreements over defense strategy that should not disqualify his attorney; and (4) the trial court was within its discretion to deny the self-representation request as untimely and a delay tactic because Petitioner had waited 10 weeks after the verdict to make the request for the first time on the day of his sentencing and he wanted to postpone sentencing to file a second motion for a new trial. (LD 7). Petitioner now seeks federal habeas relief on the same grounds already rejected on the merits by the California Court of Appeal.[1]

---

[1] Petitioner asserts a fifth claim of cumulative error in the Petition that he raised on direct appeal, but which the California Court of Appeal and Supreme Court rejected without comment. Because Petitioner is not entitled to habeas relief on any of his individual claims, this claim necessarily fails and requires no extended discussion. *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002). In addition, Petitioner raised new claims for the first time in his Traverse. (ECF No. 19). These claims are waived since they were not presented in the Petition. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). In any case, the new claims lack merit and do not justify habeas relief. *See* 28 U.S.C. § 2254(d)(1).

## II.

## **DISCUSSION**

A petitioner may not relitigate in federal court claims already adjudicated on the merits by the state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," as determined by the U.S. Supreme Court. 28 U.S.C. § 2254(d)(1). To overcome this relitigation bar, the petitioner must show that the state court's ruling on the claim being presented in federal court was not merely incorrect, but "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). The reason for this high bar is because "the purpose of AEDPA is to ensure that federal habeas relief functions as a 'guard against extreme malfunctions in the state criminal justice systems,' and not as a means of error correction." *Greene v. Fisher*, 565 U.S. 34, 38, (2011) (citation and internal quotations omitted). Having reviewed the Court of Appeal's opinion and relevant state court records, the Court concludes that the state court's rejection of Petitioner's claims was neither contrary to nor an unreasonable application of clearly-established Supreme Court caselaw.

### A. **The Denial of Petitioner's Motion to Dismiss the Gang Allegations Does Not Merit Habeas Relief**

Petitioner's challenge to the denial of his pre-trial motion to dismiss the gang allegations for insufficient evidence at the preliminary hearing is, at the outset, not cognizable on federal habeas review. The motion arises under California Penal Code § 995, and a federal habeas court cannot review a state court's application of its own state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Indeed, the Court of Appeal's conclusion that probable cause supported the gang allegations at the time of the preliminary hearing is

binding in this federal habeas proceeding. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law […] binds a federal court sitting in habeas corpus."). The fact that Petitioner may have invoked his right to a fair trial in challenging the state court's application of its own laws does not change this fundamental state law claim into a federal one. *See Gray v. Netherland*, 518 U.S. 152, 163 (1996) (general appeal to a constitutional guarantee does not transform state-law issue into federal habeas claim); *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (mere addition of phrase "due process" to state law claim does not render it cognizable in habeas).

Furthermore, the U.S. Supreme Court has never held that allegations presented at a state preliminary hearing must meet a standard of proof higher than the probable-cause standard required by California law to satisfy the Constitution. Indeed, because there is no federal constitutional right to a state preliminary hearing in the first place, *see Peterson v. California*, 604 F.3d 1166, 1169 (9th Cir. 2010), it cannot be that the Constitution has anything to say about the quantum of proof required or the sufficiency of the evidence presented at a state preliminary hearing. Petitioner's claim fares no better by casting it as an alleged due process violation caused by the admission of allegedly prejudicial gang evidence at trial. Here again, even assuming such evidence should not have been admitted because of its potentially prejudicial effect, the Supreme Court has not squarely ruled that the erroneous admission of overtly prejudicial evidence constitutes a due process violation sufficient to warrant habeas relief. *See Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Therefore, Court of Appeal's decision affirming the denial of Petitioner's motion to dismiss the gang allegations cannot be an unreasonable application of clearly-established federal law. *See Knowles v. Mirzayance*, 556 U.S. 111, 122

(2009) ("[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.").

Finally, as the California Court of Appeal observed, "it is doubtful [Petitioner] suffered prejudice from the alleged erroneous denial" of his motion to dismiss the gang allegations given that the jury rejected those very allegations at trial, finding them to be not true. (LD 7 at 29). For this reason as well, Petitioner is not entitled to habeas relief since he cannot establish actual prejudice from the alleged erroneous denial of his motion to dismiss the gang allegations. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

### B. The Inaccurate Verdict Form Does Not Merit Habeas Relief

Petitioner contends that the Court of Appeal should have invalidated the jury verdict because the verdict form incorrectly labeled felony murder as a lesser-included offense of first-degree premeditated murder, thereby misleading or confusing the jury into believing that it could convict him of premeditated murder on a felony-murder theory. But as the Court of Appeal noted, the jury was correctly instructed on the elements of felony murder in the first degree and is presumed to have followed the accurate jury instructions, notwithstanding any "technical error" in the description on the verdict form. (LD 7 at 36). That determination is not contrary to or an unreasonable application of Supreme Court precedent. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions."); *Silva v. McDonald*, 891 F. Supp. 2d 1116, 1125 (C.D. Cal. 2012) ("where a mistake or ambiguity in a verdict form is at issue, the mistake or ambiguity should be considered in its context and with consideration of all of the circumstances at trial").

Additionally, the Court of Appeal determined that any error in the verdict form was harmless because "the jury *acquitted* [Petitioner] of first

degree premeditated murder," leaving "no reason to suppose the jury simply found [him] guilty of felony murder because it was listed as a lesser included offense." (LD 7 at 36). Even when a jury may have relied on an invalid theory of guilt due to a faulty jury instruction, the Supreme Court has held that habeas relief is only warranted if the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008); *see Cupp v. Naughten*, 414 U.S. 141, 147 (1973) (single erroneous instruction can rarely "rise to the level of constitutional error" because it "is but one of several components of the trial" that "includes testimony of witnesses, argument of counsel, receipt of exhibits in evidence, and instruction of the jury by the judge"). Petitioner cannot show such actual prejudice here beyond any possibility of fairminded disagreement because, as the Court of Appeal observed, the jury found Petitioner not guilty of first-degree premeditated murder despite the verdict form's technical error. Therefore, the Court of Appeal's conclusion was not objectively unreasonable. *See Harrington*, 562 U.S. at 102 (habeas relief permissible only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents").

### C. The Denial of Petitioner's Motion for Substitution of Counsel Does Not Merit Habeas Relief

The denial of Petitioner's motion for substitution of counsel made two days before trial does not warrant federal habeas relief. For starters, Petitioner's challenge arises under *People v. Marsden*, 2 Cal. 3d 118 (1970), which lays out the California state procedures and standards for assessing a defendant's request to substitute appointed counsel. *Id*. at 123-26. As a fundamental state law claim that the California Court of Appeal rejected by applying state law standards, Petitioner's challenge is not cognizable on

federal habeas review.  *See Estelle*, 502 U.S. at 67-68; *Gonzalez v. Knowles*, 515 F.3d 1006, 1012 (9th Cir. 2008); *Nickelberry v. Soto*, 2015 WL 502935, at *19 (E.D. Cal. Feb. 5, 2015).  Nor can a federal habeas court second guess the Court of Appeal's conclusion that the trial court had relied upon valid reasons permitted by *Marsden* and acted within the discretion afforded by California state law when it refused to substitute counsel on the eve of trial.  *See Bradshaw*, 546 U.S. at 76.

Second, insofar as Petitioner's claim implicates the Sixth Amendment right to counsel, the Court of Appeal's rejection of his request for new appointed counsel is not contrary to or an unreasonable application of clearly-established Supreme Court cases.  An indigent defendant is not entitled to the appointment of counsel of his choice.  *See United States v. Gonzalez–Lopez*, 548 U.S. 140, 151 (2006) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)).  The right to counsel may be violated by the denial of a substitution request only if counsel's performance is objectively and prejudicially deficient under *Strickland v. Washington*, 466 U.S. 668 (1984), or if there exists an actual conflict of interest based upon multiple representation adversely affecting the lawyer's performance.  *See Cuyler v. Sullivan*, 446 U.S. 335, 336 (1980).  Otherwise, the Sixth Amendment right to counsel does not guarantee a "meaningful relationship" between the accused and his counsel.  *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983).  Instead, "the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such." *United States v. Cronic*, 466 U.S. 648, 657 n. 21 (1984).

Beyond those settled principles, the Supreme Court has not clearly established that disagreements, distrust, or dislike between a defendant and his appointed lawyer are enough to require substitution of counsel under the Sixth Amendment.  *See Plumlee v. Masto*, 512 F.3d 1204, 1210 (9th Cir.

2008) (en banc) ("Plumlee has cited no Supreme Court case-and we are not aware of any-that stands for the proposition that the Sixth Amendment is violated when a defendant is represented by a lawyer free of actual conflicts of interest, but with whom the defendant refuses to cooperate because of dislike or distrust."); *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir. 2000) ("there is no Supreme Court holding that controls the issue" whether "irreconcilable conflict" between defendant and appointed counsel based on "complete breakdown in communications" can violate constitutional rights); *Gonzalez v. Allison*, 2015 WL 5819111, at *7 (C.D. Cal.), *adopted by*, 2015 WL 5768338 (C.D. Cal. Sept. 30, 2015) ("[P]etitioner has identified no Supreme Court decision which clearly establishes that the failure to grant a motion for substitute counsel predicated on the type of 'conflict' with counsel which petitioner asserts here violates his Sixth Amendment right to counsel."). The "essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat*, 486 U.S. at 159.

While the Ninth Circuit has held that an "irreconcilable conflict" based on a "complete breakdown in communication" can amount to a "constructive denial of the Sixth Amendment right to counsel," *Stenson v. Lambert*, 504 F.3d 873, 886 (9th Cir. 2007), no Supreme Court case has so held. *See Lopez v. Smith*, 135 S. Ct. 1, 4 (2014) ("Circuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that this Court has not announced.'"); *Reyes v. Gipson*, 2012 WL 996555, at *6 (E.D. Cal. Mar. 23, 2012) ("there is no direct precedent from the Supreme Court holding that a denial of a motion to relieve defense counsel can be unconstitutional"). In any case, even under the Ninth Circuit's "irreconcilable conflict" standard, Petitioner's claim would still fail

because "not every conflict or disagreement between the defendant and counsel implicates Sixth Amendment rights." *Schell v. Witek*, 218 F.3d 1017, 1027 (9th Cir. 2000) (en banc). "Disagreements over strategical or tactical decisions do not rise to level of a complete breakdown in communication." *Stenson*, 504 F.3d at 886.

Indeed, courts have found that disagreements, conflicts, and miscommunications like those cited by Petitioner do not offend the Sixth Amendment. *See, e.g., United States v. McKenna*, 327 F.3d 830, 844 (9th Cir. 2003) ("well-settled" that a dispute over trial tactics is "not a sufficient conflict to warrant substitution of counsel"); *United States v. Wadsworth*, 830 F.2d 1500, 1509 (9th Cir. 1987) ("[A]ppointed counsel, and not his client, is in charge of the choice of trial tactics and the theory of defense."); *Owsley*, 234 F.3d at 1057 (denying habeas relief where defendant accused appointed counsel "of neglecting to meet and consult with him about his defense, failing to conduct all requested investigations, speaking to him in a condescending fashion, and calling him a profane name"). It follows therefore that fairminded jurists could reasonably agree with the Court of Appeal's decision to affirm the trial court's discretionary denial of Petitioner's request for substitution of counsel made two days before trial.

### D. The Denial of Petitioner's *Faretta* Claim Does Not Merit Habeas Relief

The California Court of Appeal did not unreasonably uphold the trial court's denial of Petitioner's belated request under *Faretta v. California*, 422 U.S. 806 (1975). The Court of Appeal ruled that Petitioner had not brought his *Faretta* request within a reasonable time because it was made 10 weeks after the jury verdict on the day of sentencing and would have required a continuance because Petitioner claimed he wanted to file a second motion for a new trial. (LD 7 at 42-45). Because Petitioner had no

9

explanation for why he had not raised his *Faretta* request sooner, the Court of Appeal reasoned that Petitioner's request was untimely and a tactic to delay sentencing. (LD 7 at 45). "Because the Supreme Court has not clearly established when a *Faretta* request is untimely, other courts are free to do so as long as their standards comport with the Supreme Court's holding that a request 'weeks before trial' is timely." *Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir. 2005) (citation omitted). Here, the Court of Appeal's determination that a *Faretta* request is untimely when made 10 weeks late on the day of sentencing comports with the Supreme Court's guidance and therefore is not contrary to, or an unreasonable application of, clearly established federal law.

## III.
## CONCLUSION

For the reasons above, the Court recommends that the District Judge deny the Petition and enter Judgment dismissing this action with prejudice. The Court further recommends that no certificate of appealability issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).

DATED: August 14, 2017

HON. STEVE KIM
U.S. MAGISTRATE JUDGE